# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

VENISSA SADDLER                                                              PLAINTIFF

V.                                                                                        CIVIL ACTION NO.
                                                                                          2:08-CV-181-M-A

QUITMAN COUNTY SCHOOL DISTRICT,
and VALMADGE TOWNER,
 in his individual capacity                                                  DEFENDANTS

## **ORDER**

The plaintiff, Venissa Saddler, requests the court to strike defendant Valmadge Towner's amended answer and amended counterclaim. Docket no. 35. Towner responds that he only amended his counterclaim and did not need the court's permission to do so as the plaintiff responded to the counterclaim with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is not a responsive pleading. Docket no. 36.

On January 8, 2009 Towner filed his answer and counterclaim against Saddler.[1] On that same day, Saddler responded to the counterclaim with a motion to dismiss.[2] On February 27, 2009 Towner filed an "Amended Answer,"[3] which amended his counterclaim against Saddler, but not the answer.[4] Saddler argues that once a matter has been placed on the trial calendar, as has this case, a party may amend its pleadings only by leave of court or by written consent of the adverse party and that even if the matter had not been placed on the trial calender, Towner only

---

[1] Docket no. 8.

[2] Docket no. 12.

[3] Docket no. 32.

[4] Towner makes this assertion in his response to the motion to strike. Docket no. 36, p. 1. The court has reviewed the amended answer and counterclaim and found only amendments to the counterclaim.

had twenty days to file his amendment, which he failed to do because it was filed thirty-six days after Towner filed his original answer. Docket no. 35, pp 1-2.

Rule 15 governs amendment and supplementation of pleadings. A party's ability to amend its pleading before trial falls into two categories; either as a matter of course or with permission. Rule 15(a) provides:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleadings once as a matter of course:
> **(A)** before being served with a responsive pleading; or
> **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calender.
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires.

Rule 7(a) defines "responsive pleadings" as:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint; (6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

A motion, however, is not a responsive pleading. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1483, and that being the case, the filing of a motion to dismiss does not extinguish a party's right to amend as a matter of course. *McKinney v. Irving Independent School Dist.*, 309 F.3d 208, 315 (5th Cir. 2002)(internal citations omitted).

Because Saddler's motion to dismiss Towner's counterclaim was not a responsive pleading, Towner could amend the counterclaim once as a matter of course under Rule 15(1)(A). Rule 15(1)(B) is not applicable because a responsive pleading to a counterclaim is allowed, and subsection (B) only applies when a responsive pleading is not allowed and the trial date has been set. Moreover, Towner did not need to obtain Saddler's consent or the court's permission to

amend the counterclaim as he had the right to amend the counterclaim once as a matter of course before a responsive pleading was filed.

Accordingly, it is ORDERED

That the plaintiff's motion to strike the defendant's amended counterclaim is DENIED

This, the 10th day of June, 2009.

      /s/ S. ALLAN ALEXANDER
      U.S. MAGISTRATE JUDGE