IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**VENISSA SADDLER**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:08CV181-P-A**

**QUITMAN COUNTY SCHOOL DISTRICT, and
VALMADGE TOWNER, in his individual capacity**  **DEFENDANTS**

**ORDER**

This cause is before the Court on defendant Towner's Motion to Dismiss [31]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion is well-taken and should be granted. A one year statute of limitations[1] applies to plaintiff's state law claims against defendant Towner. The actions for which plaintiff seeks redress occurred on or about September 15, 2005. Plaintiff brought suit against defendant Towner in federal court on October 31, 2005; the statute of limitations was tolled during the pendency of that action. However, even granting plaintiff the benefit of the application of Mississippi's saving statute, § 15-1-69, plaintiff's claims are untimely. Plaintiff's state law claims against defendant Towner were dismissed without prejudice on August 3, 2007; the present action was not filed until August 4, 2008, one day beyond the one year period prescribed in §15-1-69.[2]

---

[1] Mississippi Code Annotated § 15-1-35.

[2] The statute provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party

Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Towner's Motion to Dismiss [31] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that defendant Towner should be, and hereby is DISMISSED as a party defendant to the present action.

SO ORDERED, this the 17th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Miss. Code Ann. § 15-1-69.