**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**VENISSA SADDLER**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:08CV181-P-A**

**QUITMAN COUNTY SCHOOL DISTRICT, and
VALMADGE TOWNER, in his individual capacity**                       **DEFENDANTS**

## ORDER

This cause is before the Court on plaintiff's Motion to Dismiss Valmadge Towner's Counterclaims [12]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion should be granted in part and denied in part. A one year statute of limitations[1] applies to Towner's state law claims for malicious prosecution and defamation against plaintiff.

Towner's cause of action arising out of plaintiff's filing of phone harassment charges accrued on November 9, 2005, the date upon which a judgment of acquittal was entered. He filed a counterclaim in <u>Saddler v. Quitman County School District</u>, Civil Action No. 2:05CV218, on January 5, 2006. The statute of limitations was tolled during the pendency of the action. However, Towner's counterclaims were dismissed without prejudice on August 3, 2007; granting defendant the benefit of 28 U.S.C. § 1367(d),[2] he had until July 7, 2008 to re-file his claim.[3] Towner's present

---

[1] Mississippi Code Annotated § 15-1-35.

[2] 28 U.S.C. § 1367(d) is the only tolling provision argued by Towner. It provides:

counterclaim was not filed until January 8, 2009, well beyond the one year limitations period.[4]

Towner's cause of action stemming from plaintiff's filing of rape charges against him is likewise time-barred. There is no information of record from which this Court can determine a date certain upon which Towner's claim accrued. However, as of the time of the filing of his Amended Counterclaim in Civil Action No. 2:05CV218 on August 24, 2006, the prosecutor had declined prosecution. Assuming August 24, 2006 to be the date of accrual for purposes of analysis, the statute of limitations did not begin to run until September 3, 2007 (30 days following the dismissal of the earlier federal action). It elapsed on September 2, 2008, well prior to the time Towner filed his Counterclaim in the instant case.

After due consideration of the plaintiff's motion in conjunction with the Amended Answer and Counterclaim filed by Towner on February 27, 2009, the Court finds that plaintiff's motion is not well-taken and should be denied as regards Towner's counterclaim for defamation. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's Motion to Dismiss [12]

---

>  The period of limitation for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(d).

[3] Pursuant to §1367(d), the statute of limitations remained tolled through September 2, 2007. At the time Towner filed his counterclaim in the prior federal action, 309 days of the limitations period had yet to run. Counting 309 days from September 3, 2007 forward, the limitations period expired on July 7, 2008.

[4] Even if the Court were to grant Towner the benefit of Mississippi's savings statute–an argument he did not raise on his own behalf and which he vigorously opposed in conjunction with the plaintiff's state law claims against him, Towner would still have had to file his counterclaim no later than August 3, 2008..

should be and hereby are, GRANTED IN PART and DENIED IN PART as set forth above.  IT IS FURTHER ORDERED that Count I of Towner's Amended Counterclaim should be, and hereby is, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 17th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE